**No. 43206.**—Protests 991991–G, etc., of M. Zwiebel et al. (New York).

Opinion by BROWN, J. It was stipulated that the merchandise is composed in chief value of blown glass in the form of grape clusters and sprays and that they are constructed of materials similar to those contained in the merchandise involved in *Woolworth* v. *United States* (G. A. 8427, T. D. 38697) and *Baltimore & Ohio* v. *United States* (G. A. 8606, T. D. 39451) and that the issues are similar to those in Abstract 42424. From the record it was found that Abstract 42424 has no application to the merchandise in the case at bar. In the other two cases the articles were held not to be beads. On the record presented the claim at 60 percent under paragraph 1518 as blown glass articles was sustained.

**No. 43207.**—Protest 712431–G of M. Pressner & Co. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel the merchandise in question was held dutiable as follows: (1) uninflated rubber balls the same as those the subject of *United States* v. *Woolworth* (24 C. C. P. A. 338, T. D. 48770) at 30 percent under paragraph 1502; (2) squawker balloons similar to those the subject of Abstract 40493 at 45 percent under paragraph 409; and (3) rubber articles like those the subject of Abstract 41517 and novelties in chief value of rubber similar to those passed upon in Abstract 25607 at 25 percent under paragraph 1537.

**No. 43208.**—Protest 5356–K of Samuel Barotz & Co., Inc. (New York).

Opinion by TILSON, J. It was stipulated that the pearl caps are similar to those involved in *Cohn* v. *United States* (2 Cust. Ct. 380, C. D. 161). The claim at 60 percent under paragraph 218 (f) was therefore sustained.

**No. 43209.**—Protest 10213–K of Clay Adams Co., Inc. (New York).

Opinion by TILSON, J. It was stipulated that the merchandise is similar to that involved in *United States* v. *Clay Adams Co.* (24 C. C. P. A. 150, T. D. 48625). The claim at 1⅛ cents per pound under paragraph 219 was therefore sustained.